## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

| | | |
|---|---|---|
| **STANFORD WEST,** *et al.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 5:19-CV-00286-JMH-MAS** |
| | ) | |
| **v.** | ) | *Filed Electronically* |
| | ) | |
| **WELLS FARGO BANK, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

\* \* \* \* \*

## RESPONSE IN OPPOSITION TO
## WELLS FARGO'S MOTION TO STAY PROCEEDINGS PENDING
## DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Plaintiffs Stanford West and James D. Lyon, Trustee for the Estate of Melissa Monday-West (collectively the "Wests"), by counsel, and for their Response in Opposition to Wells Fargo's Motion to Stay Proceedings Pending Decision by the Judicial Panel on MultiDistrict Litigation (DN #36), state the following.

## I.    PRELIMINARY STATEMENT

The Wests, through Counsel, oppose the Motion to Stay Proceeding Pending Decision by the Judicial Panel on MultiDistrict Litigation (DN #36 or "Motion to Stay") filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). This case concerns material errors when Wells Fargo, in processing loss mitigation applications from the Wests, by its own admission, improperly denied Plaintiffs for trial modifications based on automated calculation errors. Wells Fargo then concealed the existence of these serious errors that Wells Fargo knew or should have known about for at least three years after the automated calculation errors were purportedly corrected.

Wells Fargo now seeks to further delay the Wests' ability to prosecute the instant claims to permit a ruling on a Judicial Panel on Multidistrict Litigation ("JPML") Motion to Transfer - a Motion which Wells Fargo ironically opposes in its entirety. Wells Fargo's Motion to Stay should be denied for the reasons set forth below.

## II.    FACTUAL BACKGROUND

In late 2011 the Wests began experiencing financial difficulties stemming from the economic strains caused by the recession and defaulted on their Mortgage Loan. (DN #1, ¶ 38) The Wests applied for a Loan Modification with Wells Fargo prior to December 28, 2011 which required six (6) monthly payments to be tendered beginning on March 1, 2012 and ending on August 1, 2012. (DN #1, ¶ 40) The Wests were notified on October 2, 2012 by Wells Fargo that they were denied a permanent modification despite completing the six payments. (DN #1, ¶ 42). The Wests submitted a second application for Loan Modification which was facially complete as of November 30, 2012. (DN #1, ¶ 44).  On November 7, 2012 Wells Fargo initiated a complaint for foreclosure on behalf of the owner of the Loan, Federal National Mortgage Association, against the Wests in captioned *Federal National Mortgage Association v. West, Melissa, et al.*, in Fayette County (KY) Circuit Court Case No. 12-CI-04950. (the "Foreclosure Case" ) (DN #1, ¶ 45).

The Wests' November 30, 2012 application was denied by Wells Fargo on February 12, 2013 based on an allegation by Wells Fargo that the Wests did not have sufficient income to afford a modified payment. (DN #1, ¶ 46).  After receiving this letter, separating, and going through separate petitions for relief in Bankruptcy, the Property was ultimately sold by the Fayette County (KY) Master Commissioner on July 1, 2014. (DN #1, ¶¶ 51-59) In 2018, Wells

Fargo filed Forms 10-Q and 10-K Annual Reports, where it admitted the existence of the automated calculation errors. (DN #1, ¶¶ 60-62). On or about September 11, 2018, Wells Fargo sent correspondence to Wests with the subject: "We made a mistake when we reviewed you for payment assistance." (DN #1, ¶ 63). The letter states, "When you were considered for a loan modification, you weren't approved, and now we realize that you should have been. We based our decision on a faulty calculation, and we're sorry. If it had been correct, you would have been approved for a trial modification." (DN #1, ¶ 65; *see also* DN #1-7)

Beginning with *Hernandez*, which was filed on December 5, 2018 in the Northern District of California before Judge Alsup, ten individual and putative class actions have been filed in various jurisdictions across the country arising from Wells Fargo's wrongful denial of mortgage modifications to certain borrowers. Each action also involves Wells Fargo's lack of diligence in discovering the error and subsequent refusal to publicly disclose the error once discovered.

The Wests initiated their Complaint against Wells Fargo on July 18, 2019. On January 14, 2020, the plaintiffs in *Coordes v. Wells Fargo Bank, N.A.* filed their Motion to Transfer Cases for Coordinated or Consolidated Pretrial Proceedings (the "Motion to Transfer"). On February 3, 2020, the Wests along with the plaintiffs in *Hawkins-Ryder v. Wells Fargo Bank, N.A.* each filed their Response in Support of Transfer pursuant to 28 U.S.C. § 1407. On February 5, 2020, Wells Fargo filed its Response in Opposition to Transfer. The Motion to Transfer is set for hearing before the JPML on March 26, 2020.

At the time the Motion to Transfer Case was filed by the *Coordes* Plaintiffs, Wells Fargo and the Wests had already fully briefed the issues raised in Wells Fargo's Motion to Dismiss

Plaintiffs' Complaint filed on September 30, 2019. (DN #23; *see also* Plaintiffs' Opposition to Motion to Dismiss, DN # 31; *see also* Defendant's Reply in Support of Motion to Dismiss, DN # 33; *see also* Plaintiffs' Motion to Take Judicial Notice, DN # 32).

## III.   LAW AND ARGUMENT

After publicly disclosing its calculation errors for the first time nearly four years after the Wests lost their home, Wells Fargo now seeks to delay a finding of liability for those errors. Wells Fargo's Motion to Dismiss has been fully briefed and there is no substantive reason to stay these proceedings.

### A. Standard of Review.

The United States Supreme Court holds that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket within economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). Whether a stay is appropriate, and thus whether the proponent has met its burden, "requires examining `the circumstances of the particular case.'" *Ohio State Conference of N.A.A.C.P. v. Husted,* 769 F.3d 385, 387 (6th Cir. 2014) (quoting *Nken v. Holder,* 556 U.S. 418, 433 (2009)). The party seeking a stay must "show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.*

In deciding whether a stay is appropriate, the relevant factors at this stage of litigation are "the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment." *Ohio A. Phillip Randolph v. Householder*, Order Denying Motion to

Stay Trial, Case No. 1:18-cv-257 (S.D. Ohio 2019); see also *Caspar v. Snyder,* 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015) (denying the motion to stay a case pending the resolution of a Supreme Court case); see also *Michael v. Ghee,* 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936), and outlining the same four factors).

**B.  Wells Fargo's Motion to Stay Must Be Denied.**

Plaintiffs' interest in proceeding expeditiously with this action are prejudiced by Wells Fargo's attempts to needlessly delay this case.  This matter centers around Wells Fargo's loan modification error which Wells Fargo concealed since 2015. It was not until August 3, 2018 that Wells Fargo disclosed (to its shareholders) this error through its Form 10-Q filing. Due to Wells Fargo's intentional delays in revealing this information, the Wests lost the only chance at saving their homes. Wells Fargo had the benefit of concealing this modification error for nearly three (3) years to the public. Any stay would only act to further delay the access to justice the Wests seek here, and Wells Fargo should not have the benefit of further delay.

Second, Wells Fargo faces no additional burden by the instant case being permitted to continue.  The Motion to Dismiss is fully briefed and ripe for decision.  There is no discovery pending between the parties and a schedule is unlikely to be set until after a ruling on this Motion.  There is no substantive burden Wells Fargo faces by allowing this Court to rule on an already-briefed Motion to Dismiss.

The final three (3) factors weigh against a stay. There is no substantive potential for conflict between the Courts which Wells Fargo can cite to. As Wells Fargo admits, "this case remains in its infancy". The likelihood of the JPML and this Court issuing inconsistent rulings is minimal considering this Court has yet to rule on Wells Fargo's Motion to Dismiss and the

JPML has yet to rule on the Motion to Transfer. Meanwhile, Wells Fargo fails to point to any burden it would face by the stay being denied. A denial of Wells Fargo's request to stay benefits the public interest. Wells Fargo already has had the benefit of concealing for several years the loan modification mistake which cost hundreds of people their homes. Wells Fargo should not be entitled to rely on a Motion to Transfer which it opposes in its entirety to further delay the Wests' access to justice in the instant case.

## IV.  CONCLUSION

WHEREFORE, Plaintiffs Stanford West and James D. Lyon as Trustee for the Estate of Melissa Monday-West respectfully request this Court deny Defendant Wells Fargo Bank, N.A.'s Motion to Stay these Proceedings and for all other relief this Court may deem just and proper.

Respectfully submitted,

/s/Brian D. Flick, Esq.
Brian D. Flick (0095244)
DannLaw
P.O. Box 6031040
Cleveland, Ohio 44103
Telephone: (216) 373-0539
Telecopy: (216) 373-0536
bflick@dannlaw.com

CRAIG HENRY PLC
James Craig
401 West Main Street, Suite 1900
Louisville, KY 40202
Telephone: (502) 614-5962
Telecopy: (502) 614-5968
jcraig@craighenrylaw.com

*Co-Counsel for Plaintiffs Stanford West and James D. Lyon, Trustee for the Estate of Melissa Monday-West*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed and electronically served via the Courts' ECF system on March 24, 2020.

/s/Brian D. Flick, Esq.
Brian D. Flick, Esq.
*Co-Counsel for Plaintiffs*