```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
                CENTRAL DIVISION at LEXINGTON


STANFORD WEST, et al.,          )
                                )
     Plaintiffs,                )      Case No.
                                )      5:19-cv-286-JMH-MAS
v.                              )
                                )      MEMORANDUM OPINION
                                )         AND ORDER
WELLS FARGO BANK, N.A.,         )
                                )
     Defendant.                 )
```

                           ***

This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss [DE 23], pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) for failure to state a claim upon which relief can be granted and failure to state with particularity the circumstances constituting fraud, respectively. For the following reasons, the undersigned will grant Wells Fargo's Motion to Dismiss [DE 23].

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from Wells Fargo's admittedly erroneous denial of Plaintiffs Stanford West and Melissa Monday-West's application for a modification of their mortgage loans. In late 2011, the Wests had two mortgages, both of which were serviced by Wells Fargo. [DE 31, at 10]. Due to "financial difficulties stemming from economic strains caused by the recession . . . ," the Wests defaulted on their mortgages. *Id*. In December 2011, the

Wests contacted Wells Fargo to describe their financial difficulties and applied for a loan modification. *Id*. Wells Fargo approved the loan modification, a Home Affordable Unemployment Program Modification, which was based on thirty-one (31) percent of Melissa West's gross unemployment income because Stanford West did not have an income at that time. *Id*. The loan modification required six (6) payments, the last of which was due on August 1, 2012. After completing their required payments under the first loan modification, the Wests provided Wells Fargo the documentation for a Making Homes Affordable ("HAMP") Modification, which Wells Fargo denied on October 2, 2012. *Id*.

After Wells Fargo's denied the Wests' request for a HAMP modification, the Wests began the process of submitting a second application for a loan modification. *Id*. On November 7, 2012, Wells Fargo initiated foreclosure of the property at 4157 Watertrace Drive, Lexington, Kentucky 40515 (the "Property"). *Id*. at 11; [DE 23-1, at 7]. The Wests' second application for a loan modification was not considered to be completed until November 30, 2012. [DE 31, at 11]. On February 12, 2013, Wells Fargo denied the Wests' second application because they allegedly did not have sufficient income to afford the modified loan payment. *Id*. However, the Wests' income had not changed since the original application for a loan modification, and Wells Fargo admits the denial was due to a calculation error in Wells Fargo's software. *Id*.; [DE 23-1, at 8].

On April 19, 2013, the Wests filed a Chapter 13 bankruptcy petition. [DE 31, at 12]. The Wests assert that if not for Wells Fargo's error, their "prepetition mortgage loan arrearages would have been capitalized into a new modified loan . . . ." *Id*. at 11-12. The Wests further assert that due to their inability to resolve the prepetition mortgage loan arrearages, their reorganization failed. *Id*. at 12. On September 30, 2013, Melissa West bankruptcy case was converted to Chapter 7, and her case was discharged on January 6, 2014. *Id*. On October 21, 2013, Stanford West's Chapter 13 case was dismissed without a discharge of his debts. *Id*. On May 30, 2014, the Fayette Circuit Court entered a Judgment and Order of Sale, and a few months later, the Property sold for $208,773.75. *Id*. Wells Fargo received $174,046.97 of the sale. *Id*.

On or about September 11, 2018, Wells Fargo sent the Wests a letter explaining the calculation error and its effect with a check in the amount of $15,000.00 in an to attempt to "'make things right.'" *Id*. at 14 (quoting [DE 1-7]). If the Wests felt the check was insufficient, Wells Fargo's letter stated that they could "consider mediation." [DE 1-7]. Instead, on July 18, 2019, the Wests filed their Complaint [DE 1] alleging common law fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress. [DE 1, at 19-23]. Regarding damages, the Wests claim the following:

> Wells Fargo's conduct directly and proximately caused the following damages to the Wests:
>
> Wells Fargo took away the opportunity for the Wests to obtain a permanent loan modification and remain in their home at a time when the Wests met all eligibility requirements for a loan modification;
>
> Wells Fargo took away the opportunity for the Wests to obtain a permanent loan modification and remain in their home by wrongfully denying Mod 2 as the Wests had sufficient income during periods of time in 2013 and 2014;
>
> The Wests' home has increased in value up to $353,000 since the Master Commissioner Sale in April 2014. Wells Fargo took away the opportunity for the Wests to realize this equity of over $170,000.00 based upon the total debt payoff that the Wests owed Wells Fargo as of the time of the foreclosure; and
>
> The Wests had to retain legal counsel to file this complaint which would have never been needed had Wells Fargo correctly offered the Wests a trial modification.

[DE 31, at 14-15]; *see also* [DE 1, at 16]. On September 30, 2019, Wells Fargo filed the present Motion to Dismiss [DE 23], which the Court will discuss further below.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be attacked for failure "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A motion to dismiss is properly granted if it is beyond doubt that no set of facts would entitle the petitioner to relief on his claims." *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 333 (6th Cir. 2006). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

"Pursuant to Federal Rule of Civil Procedure 9(b), in any complaint averring fraud or mistake, 'the circumstances constituting fraud or mistake shall be stated with particularity.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Id.* (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–162 (6th Cir. 1993)); *see also*

*Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (citations omitted).

### III. DISCUSSION

Pursuant to Rule 12(b)(6), Wells Fargo moves to dismiss the Complaint [DE 1] for the following reasons: (1) Plaintiffs' claims fail to plead causation; (2) Plaintiffs' intentional infliction of emotion distress ("IIED") claim (Count Two) fails because Plaintiffs do not allege intentional conduct, Wells Fargo's error does not constitute extreme and outrageous conduct, and Plaintiffs do not allege that the Wests suffered severe emotional distress; and (3) Plaintiffs' negligent infliction of emotional distress claim (Count Three) fails because Wells Fargo did not owe the Wests a duty, and the Wests did not suffer a serious or severe emotional injury. [DE 23-1, at 7, 10-11, 14-10]. Additionally, Wells Fargo argues that even if Plaintiffs' had alleged causation, under Rule 9(b), the Court must dismiss Plaintiffs' common law fraud allegations because Plaintiffs did not allege any facts that support Plaintiffs' claim that Wells Fargo knew about the modification error when it denied the Wests' trial loan modifications. *Id.* at 12-14.

### A. CAUSATION

Wells Fargo argues that each of the Wells' claims fail due to a lack of causation and that "[t]o survive a motion to dismiss, a plaintiff must plausibly allege that the defendant's actions were

the cause of his harm." [DE 23-1, at 10 (citing *Charles v. Winchester*, No. 6:15-CV-113-KKC, 2017 WL 66298 (E.D. Ky. Feb. 17, 2017))]. Wells Fargo further asserts, "A plaintiff cannot proceed on his claims where he has failed to allege facts tending to show a plausible causal chain between the alleged misconduct and the asserted harm." *Id*. (citing *Red Hot Oil, Inc. v. H.T. Hackney Co.*, 292 F. Supp. 3d 764, 776 (E.D. Ky. 2017) (quoting *Twombly*, 550 U.S. at 555) ("The 'factual allegations must be enough to raise a right to relief above the speculative level.'"))).

In the Wests' Complaint [DE 1, at 16-17], they allege Wells Fargo proximately caused them harm by "t[aking] away the opportunity" for them "to obtain a permanent loan modification and remain in their home" and realize equity on the home. "As a general matter, a mortgagee has no duty to reach an agreement on a loan modification with a mortgagor in default." *SMA Portfolio Owner, LLC v. Corporex Realty & Inv. LLC*, 112 F. Supp. 3d 555, at 572 (E.D. Ky. 2015) (citing *Travelers Ins. Co. v. Corporex Properties, Inc.*, 798 F. Supp. 423, 424 (E.D. Ky. 1992)). Moreover, "an initial Trial Period Plan document is not necessarily a promise to modify a loan." *Goss v. ABN AMRO Mortg. Group*, 549 F. App'x 466, 471 (6th Cir. 2013).

In the present case, even if the Wests were granted the trial modification they were erroneously denied, there was no guarantee Wells Fargo would have subsequently given them a permanent loan

modification because Wells Fargo was under no obligation to do so. In their Response [DE 31, at 17], the Wests argue that Wells Fargo "admitted that it caused the Wests to suffer the harm of a lost loan modification." However, as the Wests point out earlier in their Response [DE 31], Wells Fargo only admitted that had the calculation error not occurred, the Wests "would have been approved for a *trial modification*." [DE 31, at 16 (citing [DE 1, at 15]) (emphasis added)]. Wells Fargo neither promised the Wests a permanent loan modification nor conceded that the calculation error resulted in the Wests not being approved for a permanent loan modification.

The Wests' claims of a lost opportunity are akin to the loss of chance doctrine in other tort actions, which the Supreme Court of Kentucky has opted not to recognize because the doctrine "'represents a significant departure from the traditional meaning of causation in tort law . . . .'" *Kemper v. Gordon*, 272 S.W.3d 146, 152-153 (Ky. 2008) (quoting *Smith v. Parrott*, 833 A.2d 843, 848 (Vt. 2003)). Like the Supreme Court of Kentucky, this Court is not willing to make such a departure. A plaintiff cannot show that a defendant, who owed them no duty, caused them harm by taking away the *opportunity* to be free of that harm. Since the Wests have failed to plausibly allege Wells Fargo's calculation error was the cause of their alleged harm, the Court will grant Wells Fargo's Motion to Dismiss [DE 23]. Considering the Court's decision

regarding the Wests' failure to properly plead causation, the Court need not consider Wells Fargo's additional arguments concerning the Wests' claims of intentional and negligent infliction of emotional distress and common law fraud.

## IV. CONCLUSION

Therefore, having considered this matter fully, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) Defendant Wells Fargo's Motion to Dismiss [DE 23] is **GRANTED**;

(2) This matter is **DISMISSED WITH PREJUDICE**; and

(3) This is a final and appealable order.

This the 12th day of November, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge